UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITY TICKETING CORPORATION, a California corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>HAMMERDOG, INC., d/b/a WESTERN TAG & PRINTING CO., an Idaho corporation; TIM RESLER, an individual,<br><br>              Defendants. | Case No. 1:13-CV-00166-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Plaintiff Security Ticketing Corporation's ("STC") Motion for Summary Judgment (Dkt. 18). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

FACTUAL BACKGROUND

STC and Defendant Hammerdog, Inc ("Hammerdog") entered into an Asset Purchase Agreement to sell STC business to Hammerdog or November 1, 2007. Hammerdog agreed to purchase the STC assets for $5,250,000 plus a total of $266,931.54 as payment of Hot topic Eas Inventory. Partial funding of the purchase included financing by STC. Hammerdog executed two promissory notes in favor of STC. The first note was for $1,000,000 and had a maturity date with a large balloon payment of $862,566 due on December 1, 2012. Upon agreement of the parties the maturity date was extended to January 15, 2013. The second note was for $500,000 with a maturity date of December 1, 2008. Upon agreement of the parties the maturity date on the second note was extended numerous times with the final extension of the maturity date being January 15, 2012.

Hammerdog defaulted on the payments due on January 15, 2013 for the two promissory notes. It is undisputed that Hammerdog had made the required monthly payments for both notes prior to defaults in January of 2013. Defendant Tim Resler ("Resler") personally guaranteed both promissory notes.

On April 3, 2013, STC filed the Complaint alleging breach of contract by Hammerdog due to the defaults on the promissory notes. On May 24, 2014, Hammerdog and Resler filed an Answer and Counterclaim. The Answer included no affirmative defenses, but did include a Counterclaim for Fraud in the Inducement based on alleged

misrepresentations regarding the credit worthiness of various customers who were in default and the over valuation of certain inventory.

On October 1, 2013, STC moved for summary judgment on the breach of contract claim based on Hammerdog's failure to pay the two promissory notes Hammerdog and the personal guaranty claims against Resler. Hammerdog and Resler concede Hammerdog defaulted on the payments due under the promissory notes on January 15, 2013 and that Resler signed personal guaranties for the promissory notes. However, Defendants argue that summary judgment is not appropriate due to the disputed issues related to the counterclaim for fraud in the inducement. STC responded that the counterclaim is a separate cause of action and is not STC's burden to disprove the fraud in the inducement claim before summary judgment can be granted on the undisputed breaches by Hammerdog and undisputed personal guaranty by Resler.

## STANDARD OF REVIEW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or

defenses [can] be isolated and prevented from going to trial with the attendant

unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See*

*id*. at 248.

The moving party is entitled to summary judgment if that party shows that each

issue of material fact is not or cannot be disputed. To show the material facts are not in

dispute, a party may cite to particular parts of materials in the record, or show that the

materials cited do not establish the presence of a genuine dispute, or that the adverse party

is unable to produce admissible evidence to support the fact. Fed. R. Civ. P.

56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d

626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the

cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P.

56(c)(3).

Material used to support or dispute a fact must be "presented in a form that would

be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted

in support of or opposition to a motion "must be made on personal knowledge, set out

facts that would be admissible in evidence, and show that the affiant or declarant is

competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**MEMORANDUM DECISION AND ORDER - 4**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

## ANALYSIS

The facts are undisputed that Hammerdog executed two promissory notes and defaulted on those notes in January of 2013. It is also undisputed that Resler executed a written personal guaranty on each of the promissory notes. Therefore, the Court finds that Plaintiff is entitled to summary judgment as to Hammerdog's breach of contract and Resler's personal guaranty legal liability. The Court finds that the final amount of damages cannot be determined with certainty until the Counterclaim is also resolved.

Defendants argue the Court cannot grant the summary judgment motion as Plaintiff has not established the absence of a genuine issue of material fact regarding the counterclaim. Defendants are mistaken as to Plaintiff's burden of proof. Defendants cite

the Court to an unreported decision by the Honorable Candy W. Dale in *Golden West*

*Holdings, LLC v. BBT Holdings, LLC*, 2010 WL 4853301 (Idaho 2010). The Court finds

this opinion is not binding on this Court and is distinguishable from the case at bar. In the

*Golden West* case, the Defendants had asserted fraud as an affirmative defense to the

breach of contract claim as well as an independent counterclaim. In the case at bar,

Defendants have only raised fraud in the inducement as a counterclaim. Therefore,

Plaintiff is not required to disprove any affirmative defense on their causes of action.

Also, in *Golden West,* the alleged fraud was related to the financials provided as part of

the due diligence conducted prior to the purchase of a business. In the present case, the

two misrepresentations alleged in the counterclaim appear to be misrepresentations that

could or should have been discovered long before the defaults on the promissory notes

occurred since they relate to inventory in existence at the time of the purchase and the

credit worthiness of STC customers who were allegedly in default on their purchases

from STC when Hammerdog purchased the assets of STC.

  For these reasons and in this particular case, the Court finds the Plaintiff did not

have to disprove the elements of the fraud counterclaim in order to prevail on their claims

which are conceded in Defendants' briefing and statement of facts. The counterclaim is

an independent cause of action and it is Defendants' burden to prove the elements of that

claim by clear and convincing evidence. *Faw v. Greenwood*, 613 P.2d 1338, 1340 (Idaho

1980). This is especially true in this case where it is unclear from the counterclaim that

the alleged misrepresentations resulted in damages in excess of the defaulted promissory

**MEMORANDUM DECISION AND ORDER - 6**

notes and the undisputed breaches by Hammerdog occurred over six years from the date the agreement to purchase was executed by the parties. The counterclaim merely says damages in excess of $75,000 to be proven at trial. (Dkt. 8, p. 8, ¶ 23.)

Because it appears from the briefing that material facts are disputed regarding the fraud in the inducement counterclaim, the Court finds the prudent course would be to grant summary judgment on the legal liability of Plaintiff's claim but reserve the determination of the final amount of damages associated with the claims until the counterclaim is resolved as the counterclaim, if successful, could result in a set off against the breach of contract damages alleged by Plaintiffs.

This matter is set for trial on January 13, 2015. In reviewing the briefing on the summary judgment motion, the Court finds additional briefing is necessary to potentially address the statute of limitations issue prior to the trial commencing. It is undisputed by Defendants that STC raised as an affirmative defense to the counterclaim a statute of limitations argument. Moreover, Defendants acknowledge that the applicable statute of limitations is three years on a claim for fraud in the inducement. Defendants argue they have satisfied the statute of limitations as many of the misrepresentations and the full extent of the misrepresentations only became known within the three year statute of limitations (which would be approximately May 2, 2010 – three years before counterclaim was filed) or were "continuing violations." (Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment, Dkt. 21, p. 5). While statute of

limitations issues that turn on disputed facts may have to be decided by a jury,[1] it is

unclear to the Court if such disputed facts exist in this case since Hammerdog purchased

and ran the business for over six years before alleging fraud in the inducement.

Accordingly, the Court will order the parties to provide further briefing on this matter.


## ORDER

**IT IS ORDERED:**

1. Plaintiff STC's Motion for Summary Judgment (Dkt. 18) is GRANTED IN

PART AND DENIED IN PART.  Summary judgment is granted on Defendants' legal

liability for the breach of contract and personal guaranty claims, however the final

determination of damages will occur after the Counterclaim is resolved.

2. The Court orders  briefing by the parties on the issue of the statute of limitations

on the Counterclaim.  The Counterclaim Plaintiffs Hammerdog and Resler shall file a

brief not to exceed ten (10) pages regarding the date the alleged fraud in the inducement

allegations were discovered and how the claim falls within the three year statute of

limitations on or before August 15, 2014.  Counterclaim Defendant STC shall file a

response brief on the statue of limitations issue not to exceed ten (10) pages within

twenty-one (21) days of the filing of the Counterclaim Plaintiff's brief.  The Counterclaim

---

[1]*Hansen-Rice, Inc. Celotex Corp.*, 414 F. Supp. 2d 970 (D. Idaho 2006).

Plaintiffs shall have fourteen (14) days from the filing of STC's response brief to file a reply brief which shall not exceed ten (10) pages.

DATED:  **July 18, 2014**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**